IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| MARGARET EGGERICH | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| BRUMBAUGH & QUANDAHL, P.C., L.L.O., | : | |
| | : | |
| Defendant. | | |

## COMPLAINT

Plaintiff Margaret Eggerich, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. An ancillary state claim is included for violations of the unfair debt collection provisions of the Iowa Consumer Credit Code, Iowa Code chapter 537.7103 et Seq.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff is a natural persons residing in Humboldt, Iowa.

4. Defendant, Brumbaugh & Quandahl, P.C., L.L.O., (hereinafter "Brumbaugh & Quandahl") is a law firm engaged in the collection of debts in the state of Iowa with its principal place of business located in Council Bluffs, Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The Plaintiff has an alleged debt from Discover Bank, which Brumbaugh & Quandahl attempted to collect.

7. On December 6, 2006, Brumbaugh & Quandahl filed a lawsuit against Eggerich in Humboldt County Small Claims Court(SC009990). Attached to the Original Notice sent to Eggerich was an illegal Appearance and Answer form which gave every indication it was a document from the Court.

8. In fact, the Appearance and Answer form Brumbaugh & Quandahl sent to Eggerich was not the form mandated by the Iowa Supreme Court for usage in small claims court. It was altered to make it appear to Eggerich that she had only two options: admit liability and contact the plaintiff's attorney to make payments, or deny the claim and list the reasons why.

9. The usage of this illegal form seeks to gain unfair advantage over often unrepresented consumers in the collection of debts by deceptively implying that information Brumbaugh & Quandahl seeks in its debt collection activities is information required by the Court.

10. As a result of the lawsuit, Eggerich filed bankruptcy. Eggerich had no duty to set up payments with Discover or Brumbaugh & Quandahl as the answer form stated. Nor did

Eggerich have any legal duty to provide Discover or Brumbaugh and Quandahl with the reasons for her denial of their small claims lawsuit. Given that Eggerich was filing bankruptcy, calling Discover's attorney or setting up payment arrangements would not have been in her best interests.

11. On January 17, 2007, Discover obtained a judgment against Eggerich. That judgment was subsequently discharged in bankruptcy. Eggerich's Trustee has now abandoned the claim at issue in this lawsuit.

## V. FIRST CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Brumbaugh & Quandahl violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt or obtain information concerning a consumer.

14. As a result of the above violation of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. For such other relief as the Court deems appropriate in the circumstances.

## VI.  SECOND CLAIM FOR RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

> a. Brumbaugh & Quandahl violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor.
>
> b. Brumbaugh & Quandahl violated Iowa Code § 537.7103(4)(g) by using a written communication which simulates or is falsely represented to be a document authorized, issued or approved by a court, an official or other legally constituted or authorized authority, or which tends to create a false impression about its source, authorization or approval.
>
> c. Brumbaugh & Quandahl violated Iowa Code § 537.7103(1)(f) by taking action or threatening to take action prohibited by law.

17. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for Plaintiff's statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

> A. Actual damages pursuant to Iowa Code § 537.5201(1).
>
> B. Statutory damages pursuant to Iowa Code § 537.5201(1).
>
> C. Costs and reasonable attorney's fees pursuant to Iowa Code § 537.5201(8).
>
> D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 0265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com